# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                                                               Case No. 07-20168-06-JWL

**Gerardo Trevino,**

      **Defendant.**

## MEMORANDUM AND ORDER

In December 2013, Mr. Trevino pleaded guilty to one count of conspiracy to manufacture, to possess with intent to distribute, and to distribute 50 grams or more of a mixture containing cocaine base and to possess with intent to distribute and to distribute 5 kilograms or more of powder cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Ultimately, Mr. Trevino was sentenced to the statutory mandatory minimum sentence of 120 months imprisonment. *See* 21 U.S.C. 841(b)(1)(A)(ii) (10-year mandatory minimum for case involving 5 kilograms or more of cocaine).

Mr. Trevino now seeks a sentence reduction under Amendment 782 and/or the First Step Act of 2018 (doc. 1889). The motion is denied because Mr. Trevino is not eligible for relief under either Amendment 782 or the First Step Act of 2018. Even assuming that Amendment 782 lowered Mr. Trevino's overall Guidelines range, the court is not authorized to reduce Mr. Trevino's sentence below the statutory mandatory minimum sentence. In other words, because Mr. Trevino remains subject to the mandatory minimum sentence of 120 months, a reduction under § 3582(c)(2) is not authorized and Amendment 782 affords no relief to him. *See United*

*States v. Jackson,* 787 Fed. Appx. 543, 545 (10th Cir. Dec. 10, 2019) (if a defendant is sentenced pursuant to a statutory mandatory minimum sentence provision, he is ineligible for a sentence reduction under § 3582(c)(2) and Amendment 782 affords him no relief).

Section 404 of the First Step Act of 2018 authorizes a court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, *1165 2018). Section 2 of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v. United States*, 567 U.S. 260, 269 (2012). Section 3 of the Fair Sentencing Act eliminated the 5-year mandatory minimum sentence for simple possession of crack cocaine. *See id*. The First Step Act, then, applies only to crack cocaine offenses. *See United States v. Whittaker*, 777 Fed. Appx. 938, 940 (10th Cir. July 26, 2019). Because the First Step Act has no bearing on Mr. Trevino's conspiracy conviction for powder cocaine and that is the conviction that triggered the 120-month mandatory minimum sentence, the First Step Act does not authorize a reduction in this case.

For the foregoing reasons, Mr. Trevino's motion to reduce his sentence must be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to reduce sentence (doc. 1889) is **dismissed**.

**IT IS SO ORDERED.**

Dated this 27th day of February, 2020, at Kansas City, Kansas.

                                                  <u>s/ John W. Lungstrum</u>
                                                  John W. Lungstrum
                                                  United States District Judge